**LUTZ, Plaintiff-Appellee, v WHITE etc., Defendants-Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 7113. Decided June 27, 1949.

Ralph E. Pott, C. Watson Hover, Cincinnati, for plaintiff-appellee.
Robert G. McIntosh, Cincinnati, for defendants-appellants.

## OPINION

By THE COURT:

The plaintiff-appellee obtained a judgment by the consideration of the Municipal Court of Cincinnati against the defendants-appellants for damages to his automobile. On appeal to the Court of Common Pleas, that judgment was affirmed. This appeal is from that judgment of affirmance.

In his bill of particulars, the plaintiff alleged that the defendants caused a ditch to be dug in Fairmount Avenue, in the City of Cincinnati, and failed to properly light and maintain proper warnings so as to notify the plaintiff of the existence of said ditch, that he was operating his automobile in a westerly direction on Fairmount Avenue at about 9:15 o'clock at night, and, due to the failure to maintain lights or other warning, he drove his automobile over said ditch, resulting in damage to the automobile. In their statement of defense, the defendants admitted the plaintiff owned the automobile and denied all other allegations.

The only question presented on this appeal is whether the plaintiff was guilty of contributory negligence as a matter of law. This question can be determined only by a consideration of all the evidence, unless we find that the plaintiff had admitted facts constituting contributory negligence.

We are presented with a narrative bill of exceptions, the certificate to which contains no recital that it contains all the evidence, and there is no such express recital in any other part of the bill. In addition to not containing a recital

that it contains all the evidence, the certificate refers to "exhibits attached" but there are in fact no exhibits attached. The bill of exceptions does recite that the plaintiff "to maintain the issues upon his part, offered the following witnesses", followed by the testimony of three witnesses, including the plaintiff himself, and followed by the statement that: "Thereupon the defendant moved for a directed verdict upon the testimony of the plaintiff." After reciting that that motion was overruled, the bill continues with the statement that: "Thereupon the defendant to maintain the issues on his part presented the following witnesses." The recital of the defendants' evidence was followed by the plaintiff's rebuttal evidence, and this was followed immediately with the statement that: "Thereupon, the plaintiff rested" upon which the defendant "whereupon ____ moved for a directed verdict."

Can the court pass upon this issue of contributory negligence on this bill of exceptions?

The appellee has not raised this question of the inadequacy of the certificate to the bill of exceptions and, for that reason, we have been reluctant to raise it sua sponte, but the frequency with which the court is presented with narrative bills of exceptions, prepared by unofficial reporters, compels us, although reluctantly, to take notice of it in this case.

In 2 O. Jur., 449 and 450, it is stated:

"In those cases where the bill of exceptions must contain all the evidence, there must be an affirmative showing to this effect; the bill of exceptions must expressly certify or show by necessary implication that it contains all the evidence given upon the trial. The certificate of the trial judge constitutes the only means of establishing that all of the evidence offered in the trial court is contained in the bill of exceptions. It has been said that a bill of exceptions must state affirmatively that it contains all of the evidence, where it is essential, in order to have all of the claimed errors reviewed, that all of the testimony taken in the trial court be presented in the bill. Undoubtedly an express statement in the certificate that the bill of exceptions contains all the evidence offered by either party in the case would be sufficient, and it would also be desirable."

It is true that an express recital that the bill contains all the evidence is not required, where there is an implication to that effect necessarily arising from the recital in the bill. On this subject, it is stated in 2 O. Jur., 451:

"What is a showing by necessary implication must depend upon the facts of the individual case. A recital in detail of the evidence offered does not necessarily imply that the evidence thus set forth in the bill of exceptions was all that was offered."

In Mack, Stadler & Co. v. Great Western Despatch, 3 C. C. 36, the court was required to pass upon this question in relation to a bill of exceptions containing more indicia of completeness than the bill in this case, and yet the court held that it could not say that it contained all the evidence, saying at pages 38 and 39:

"Must it necessarily be implied from the language of this bill of exceptions thus set out, that it contained all of the evidence received in the trial court? It does not say so. It does not contain the common formula, 'that the foregoing was all the evidence received in the case.' And in view of the strictness required in this respect by the decisions of the supreme court, we are not able to say that such is the necessary implication. It does not expressly appear that everything which Mr. Mack testified to, is set out in the bill, nor does it affirmatively appear that no other witness was examined. It is true, that knowing the manner in which stenographers usually record everything that takes place at a trial, we may feel that it is highly probable that we have before us, all of the evidence on which the trial court acted—but this is a fact which must be shown by the bill itself, and the opinion which we may have, founded on the usual correctness of stenographers, is not to out-weigh the legal presumption that the trial court acted correctly, and therefore in the absence of proof on the face of the bill itself that such was not the fact, that there was other evidence than that which is set forth in it."

On the effect of the omission of exhibits it is said in 2 O. Jur., 453, that:

"It has already been shown that where the certificate shows that exhibits are omitted from the bill, the court cannot review the weight of ____ evidence."

We are of the opinion that the court would not be justified in holding that this bill of exceptions shows on its face that

440

it contains all the evidence and, as the error assigned is one that cannot be determined without a consideration of all the evidence, the judgment must be affirmed.

For these reasons, the judgment is affirmed.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur.